AMERICAN WOOLEN COMPANY *vs.* TOWN COUNCIL OF THE TOWN OF NORTH SMITHFIELD.

JANUARY 22, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Intoxicating Liquors. In Computing Area within* 200 *Feet, Boundary Lines of State Not Regarded.*

Pub. Laws cap. 1355, § 2, provides: "No license shall be granted to authorize the sale of any such liquors, at any building or place where the

owners of the greater part of the land within 200 feet of such building or place shall file their objection to the granting of such license:—

*Held*, that there was no limitation of the prescribed area to land within this State, but that the whole area, irrespective of the boundary line of the State, would be included.

CERTIORARI. Heard on motion of defendants to quash, and granted.

PER CURIAM. This is a writ of *certiorari* brought to review the record of the town council of the town of North Smithfield relating to the granting of a license to William H. Moran to sell intoxicating liquors in a certain building in said town.

In the petition for the writ it is alleged that the town council had no jurisdiction to grant the license, because objection was seasonably made thereto by the petitioners, who claim to be the owners of the greater part of the land within two hundred feet of the premises of the licensee.

Upon the return of the writ the defendants moved to quash the same, alleging that the objectors were not the owners of the required proportion of the land within the prescribed area.

It appeared in evidence that the petitioners were the owners of the greater part of the land within two hundred feet of the premises in question if land in the State of Rhode Island only should be included in the computation; but that a portion of the land within the prescribed area is situated in the State of Massachusetts, and if the whole area be taken as the basis of computation, without regard to the boundary line of the State, the petitioner does not own the greater part thereof.

We find no assistance in the determination of the question presented in reason or authority, and feel compelled to stand upon the words of the statute, Pub. Laws cap. 1355, § 2, as follows: "No such license shall be granted under this chapter to authorize the sale of any such liquors, at any building or place where the owners of the greater part of the land within two hundred feet of such building or place shall file with the board having jurisdiction to grant licenses their objection to the granting of such license." We find here no limitation of the prescribed area to land within the State, and can not import such a limitation into the statute.

The petitioner has therefore failed to show that it had the right to make an effectual objection under the law, and the motion to quash the writ must be granted.

*Ambrose Kennedy*, for petitioner.

*Herbert L. Carpenter and George W. Greene*, for respondents.